In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00075-CV
______________________________


ROY LYNN LAWHORN AND ROY LEE LAWHORN, Appellants
 
V.
 
D. C. ABBOTT, Appellee


                                              

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. 2004-128


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Roy Lynn Lawhorn and Roy Lee Lawhorn, appellants, have filed a motion seeking
to dismiss their appeal due to the final settlement of their case in mediation. Pursuant to
Tex. R. App. P. 42.1, their motion is granted.
          We dismiss the appeal.
 

                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      February 27, 2006
Date Decided:         February 28, 2006




0;                                



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Allan Cunningham appeals from his conviction for unauthorized use of a motor vehicle. A
jury assessed his punishment at two years' confinement.


 On appeal, Cunningham argues that we
should reverse his conviction because the trial court failed to charge the jury that Bobby Lemon, a
codefendant, was an accomplice witness as a matter of law, and erred by denying Cunningham's
motion for an instructed verdict because there was not enough nonaccomplice evidence tending to
connect him with the crime. Cunningham also contends that the evidence was legally and factually
insufficient to support the verdict and that he received ineffective assistance of counsel because
counsel did not request an accomplice-witness instruction and failed to object to the admission of
evidence about juvenile adjudications.
            The evidence shows the following sequence of events. During an evening in which
Cunningham was riding around with Lemon and Christopher Ray, in Ray's sister's car, they backed
into the driveway of John Lightfoot's house. As Lemon so colorfully put it, at the time they were all
pretty well "lit." Lemon testified that he went inside the garage to steal something and ended up
taking beer out of a cooler. When Lemon came back out with stolen beer in hand, Cunningham was
arguing with one of Lightfoot's neighbors, Larry Buster, who had come over to see what was going
on. A fight ensued, and both Cunningham and Lemon struck Buster before they drove away, leaving
him unconscious in the driveway. Ray testified that he stayed in the car, that Lemon said it was a
friend's house, and that he had no idea a crime would occur. 
            Buster testified that, when he saw the car backed into Lightfoot's driveway, he went over to
see what was going on, and Cunningham was in the car. Buster testified that Cunningham yelled
at him and got out of the car, that Buster then saw someone else come out of the garage with beer
in his hand, and that both Cunningham and Lemon hit and kicked Buster until he blacked out. 
            Lightfoot testified that he was in the house at the time and did not hear the fight. Buster,
bloody from the battle, knocked on Lightfoot's door and told him what had happened. Lightfoot
checked and found that some beer was missing from an ice chest in his garage.
            Lemon testified that, after this occurred and while they were driving around, he saw a pickup
truck with tools in the back, that Lemon got out of the car and drove the truck away, and that
Cunningham followed in the car. Lemon stopped near a business, unloaded items from the truck into
the car, left the truck there, and drove away. When they stopped again a few minutes later, Ray got
into an argument with Cunningham and Lemon about a number of things involving the theft and
assault, after which they beat Ray severely and left him beside the road.
            Officer Steven Hill testified that he worked on the case. Officers stopped the car and arrested
its occupants. When officers inventoried the car, they found three cans of beer of the type taken from
Lightfoot's cooler, and also found tools, a C.D. case, a rifle, a cell phone, a video camera, and other
items that were identified as property stolen from the pickup truck.
            We affirm the judgment because we hold (1) the failure to provide the jury an accomplice-witness instruction was not egregiously harmful, (2) the nonaccomplice evidence sufficiently
connects Cunningham with the crime, (3) legally and factually sufficient evidence supports the
conviction, and (4) ineffective assistance of counsel has not been shown.
(1)       The Failure to Provide the Jury an Accomplice-Witness Instruction Was Not Egregiously
Harmful
            Without question, Lemon was an accomplice in this case.


 He was indicted and convicted
for the same offense and was in prison at the time of this trial. Cunningham did not request an
accomplice-witness instruction. Accordingly, we review the charge under the Almanza standard. 
Under Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984), the appropriate harm analysis
depends on whether the defendant preserved error by bringing the improper omission to the trial
court's attention. When the error is preserved, we must reverse if "some harm" is shown. But when,
as in this case, the defendant has not preserved error, he must show egregious harm. Under either
instance, we must review the entirety of the record in reaching our determination. Id. at 171. The
difference in harm standards affects how strong the nonaccomplice evidence must be for the error
in omitting an accomplice-witness instruction to be considered harmless. Herron v. State, 86 S.W.3d
621, 632 (Tex. Crim. App. 2002).
            The Texas Court of Criminal Appeals has held that, in applying the egregious harm standard,
the omission of an accomplice-witness instruction is generally harmless unless the corroborating,
nonaccomplice evidence is "so unconvincing in fact as to render the State's overall case for
conviction clearly and significantly less persuasive." Id.; Saunders v. State, 817 S.W.2d 688, 692
(Tex. Crim. App. 1991). 
            In Saunders, the court found egregious harm because the corroborating nonaccomplice
evidence was weak and was contradicted by other evidence. The alleged crime was arson, and the
corroborating evidence involved financial circumstances that seemed somewhat suspicious at first
glance but were given persuasive innocent explanations. As a result, the corroborating evidence,
even if believed, did not have a very strong tendency to connect the defendant to the crime. Further,
much of the evidence in the defendant's favor was uncontradicted, and the court observed that
"[r]ational jurors may not utterly disregard undisputed evidence without a sensible basis for thinking
it unreliable any more than they may simply assume a critical part of the proof without evidence
having an inclination to confirm it." Saunders, 817 S.W.2d at 693.
            In  determining  the  strength  of  a  particular  item  of  nonaccomplice  evidence,  we
examine (1) its reliability or believability and (2) the strength of its tendency to connect the
defendant to the crime. Herron, 86 S.W.3d at 632.
            In the companion appeal, Cunningham v. State, cause number 06-05-00215-CR, we discuss
at length the nonaccomplice testimony linking Cunningham to the burglary of a habitation. This
requires a different review. In this case, we look at the nonaccomplice evidence linking Cunningham
to the unauthorized use of a motor vehicle.
            There is no direct evidence that Cunningham personally exercised control over the pickup
truck. The jury convicted him, necessarily, as a party criminally responsible for the offense
committed by Lemon. That type of responsibility exists if "with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person
to commit the offense." Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003). 
            In this case, there is nonaccomplice testimony that Cunningham was riding around in the car
with Lemon, that Lemon took them to a house, that Lemon entered the garage and came out with
cans of beer, and that Cunningham exited the car and attacked, without provocation, a neighbor who
approached and asked what they were doing. There is evidence that Cunningham helped assault the
neighbor, and that they then drove away, leaving the neighbor unconscious on the ground. The
evidence shows that Lemon and Cunningham were arrested when the car was stopped by police, and
that a number of items stolen from the pickup truck were found in that car. There was no evidence
Cunningham ever entered or operated the pickup truck. Ray testified he, Cunningham, and Lemon
all knew at the time that the truck was stolen. The evidence places Cunningham in the car with the
stolen items, and shows that he was in the car both before and after the pickup truck was stolen.
            Although an accomplice-witness instruction should have been sent to the jury, egregious
harm did not result from its absence. The nonaccomplice evidence, as summarized above, is not "so
unconvincing in fact as to render the State's overall case for conviction clearly and significantly less
persuasive." Herron, 86 S.W.3d at 632. We overrule this contention of error.
(2)       The Nonaccomplice Evidence Sufficiently Connects Cunningham with the Crime
            Cunningham also contends his conviction must be reversed because the nonaccomplice
evidence was insufficient to connect him to the crime. We disagree.
            The test for determining the sufficiency of the corroboration is to eliminate the accomplice-witness testimony from consideration and then determine if there is any other incriminating evidence
which "tends to connect" the defendant with the crime. Burks v. State, 876 S.W.2d 877, 887 (Tex.
Crim. App. 1994); Bulington, 179 S.W.3d at 229 (citing Hernandez v. State, 939 S.W.2d 173, 176
(Tex. Crim. App. 1997); Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988)). The
nonaccomplice evidence need not prove all the elements of the alleged offense. Bulington, 179
S.W.3d at 229.
            We have already set out the nonaccomplice evidence above. We find that believable
evidence tends to connect Cunningham with the crime. We overrule this contention of error.
(3)       Legally and Factually Sufficient Evidence Supports the Conviction
            Cunningham next contends the evidence is legally and factually insufficient to support the
verdict. In our review of the legal sufficiency of the evidence, we employ the standards set forth in 
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the reviewing court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review, we must evaluate all the evidence in the
record,  both  direct  and  circumstantial,  whether  admissible  or  inadmissible.  Dewberry  v.  State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).
            In a factual sufficiency review, the appellate court views all the evidence in a neutral light
and determines whether the evidence supporting the verdict is too weak to support the finding of
guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)).
            We have summarized the evidence above. There is evidence that the crime occurred. There
is evidence that Cunningham was in the vehicle with the person who stole the pickup truck and that
he followed Lemon to a location where Lemon took the items from the truck and transferred them
to the car. According to the evidence, Cunningham knew it was going to occur and attacked a third
person in the car, who complained about the unlawful activities. There is no evidence that distances
Cunningham from the crime or that shows he was not an accomplice to its commission. The
evidence shows more than Cunningham's mere presence. The evidence is legally and factually
sufficient to support the verdict. We overrule these contentions of error.
(4)       Ineffective Assistance of Counsel Has Not Been Shown
            Cunningham's final contention of error is that he received ineffective assistance of counsel
at trial under Strickland v. Washington, 466 U.S. 668 (1984). He alleges that his counsel was
ineffective for not requesting an accomplice-witness instruction and for failing to object when his
juvenile adjudications were admitted into evidence. These same arguments are addressed in our
opinion in Cunningham v. State, cause number 06-05-00215-CR, and we here adopt the reasoning
and authorities set out in that opinion.
            Because the offenses are different, we look at different evidence in connection with the
failure to request an accomplice-witness instruction. The result, however, is the same. In this
appeal, as in the companion, even without the accomplice-witness testimony, there is substantial
evidence that supports a conclusion that Cunningham was indeed criminally responsible for Lemon's
unauthorized use of a motor vehicle. It is apparent, under the facts as previously discussed and our
analysis of applicable law in our opinion in cause number 06-05-00215-CR, that counsel's failure
to request the instruction was deficient. Based on the analysis previously conducted on the evidence,
we are not convinced that the failure created a reasonable probability that the result of the trial would
have been different in the absence of the deficient conduct. Id. at 687.
            The remaining asserted deficiency of counsel, not objecting to evidence of Cunningham's
juvenile adjudications, is identical to and is addressed in our opinion in the companion appeal, cause
number 06-05-00215-CR. For the reasons stated therein, we likewise find from this record that
Cunningham has not shown trial counsel's actions to have been below an objective standard of
reasonableness.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 16, 2006
Date Decided:             September 19, 2006

Do Not Publish